IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON LEYBA,

      Plaintiff,

  vs.                                                    Civ. No. 20-555 KK

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER TO SUPPLEMENT

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Attorney's Fees Pursuant to 42 USC 406(B) (Doc. 35), dated May 26, 2023. The Commissioner filed a response to Plaintiff's motion and indicated that she "has no objection to the petition in this case." (Doc. 37 at 2.) The Court finds that the current record is insufficient for a determination of the reasonableness of fees under 42 U.S.C. § 406(b). As such, the Court orders Plaintiff's counsel, Benjamin Decker, to supplement his briefing to provide: (1) any fee agreement(s) governing work he performed on Plaintiff's behalf in this Court in 2017 and 2018; and (2) a disclosure of the amount of fees he recovered for work performed before the Social Security Administration ("SSA").

Mr. Decker filed a federal appeal in the instant case as well as a previous federal appeal, both on Plaintiff's behalf.[1] (*See* Doc. 1); *see also Leyba v. Berryhill*, 17cv0667 SMV (Doc. 1) (D.N.M. June 22, 2017). Judge Vidmar of this District awarded Plaintiff fees pursuant to Equal Access to Justice Act ("EAJA") for the first appeal in the amount of $7,623.90. *Leyba v. Berryhill*, 17cv0667 SMV (Doc. 28) (D.N.M. July 5, 2018). The undersigned awarded Plaintiff fees pursuant to EAJA for the second appeal in the amount of $6,400.00. (Doc. 34.) Thus, Plaintiff was

---

[1] Plaintiff passed away on March 5, 2022. (*See* Docs. 35 ¶ 11; 35-1 at 16.) As a result, Plaintiff's daughter, Taya Leyba, has appeared as a substitute party before the SSA. (*See* Doc. 35-1 at 5–18.)

previously awarded a total of $14,023.90 in attorney fees under EAJA. (Doc. 35 ¶ 17.) Acknowledging that he must refund the lesser of the EAJA fee awards and any § 406(b) fee award, Mr. Decker seeks § 406(b) fees for work performed in this Court in the amount of $50,683.00. (*Id.* ¶¶ 18, 25.)

In support, Mr. Decker attaches to his motion two separate "Two-Tiered Contingent Fee Agreement[s]," which were signed by Plaintiff on October 31, 2012, and by Taya Leyba on behalf of Plaintiff on March 30, 2022. (Doc. 35-1 at 21–24.) These agreements relate to fees for work performed at the agency level. (*See id.*) The Court observes that when a fee agreement applies to an attorney's representation before the SSA, §406(a)(2) "caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000." *Culbertson v. Berryhill*, 139 S.Ct. 517, 520 (2019) (citing 42 U.S.C. § 406(a)(2)(A)). Thus, at most, Mr. Decker could recover $6,000 for representation of Plaintiff at the agency level.

In addition, a court may award fees for representation in federal court under § 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). Section 406(b) permits only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

Without disclosing the amount of fees he recovered before the SSA, Mr. Decker requests § 406(b) fees in the amount of $50,683.00, or 25% of total past-due benefits.[2] (*See* Doc. 35 at 3

---

[2] Mr. Decker represents that the total back award in this case is approximately $202,732.00. (Doc. 35 at 3 n.1.) Although 25 percent of $202,732.00 is slightly less than the $51,683.00 withheld by the SSA for legal fees (*i.e.*, $202,732.00 * .25 = $50,683.00), a total back award of $202,732.00 comports with the specified award of $75,524.50 to Taya Leyba, one of Plaintiff's two daughters, and the amount withheld by the SSA of $51,683.00 (*i.e.*, $75,524.50 * 2 + $51,683.00 = $202,732.00). (*See* Doc. 35-1 at 16–18.)

n.1, ¶ 25.) In support of this request, Mr. Decker supplies a separate fee agreement, dated April 2, 2020, which governs fees for representation in federal court. (*See* Doc. 35-1 at 20.) This April 2, 2020 agreement provided that *if* Plaintiff was "awarded benefits by the Social Security Administration following remand ordered by the court in [his] case in which [his] attorney represented [him], [he] agree[d] to pay [his] attorney twenty-five percent (25%) of [his] and [his] family's past-due benefits." (*Id.*)

Section 406(b) imposes some guidelines on awarding fees, permitting only "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 24 U.S.C. § 406(b)(1)(A) (emphasis added). The reasonableness of a § 406(b) fee is determined in part by whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Here, Plaintiff's request for $50,683.00 in § 406(b) fees gives the Court pause for two reasons.

First, Mr. Decker submits only one fee agreement governing fees for federal court representation, and that agreement *postdates* some of the work performed in federal court for which Mr. Decker seeks reimbursement. Specifically, the subject fee agreement is dated April 2, 2020, whereas Mr. Decker seeks reimbursement for work performed in two separate federal court cases, to include a federal appeal that commenced in 2017 and which produced a remand to the SSA in 2018. (*Compare* Doc. 35-1 at 20 (4/2/20 Fee Agreement for work in federal court), *with* Doc. 35 at ¶33(c) ("Movant expended 70.90 hours in representing Plaintiff before the Federal Court in two litigations . . . ."); *see also* Doc. 35-1 at 25–31 (timesheet for work performed in 2017 and 2018, totaling 38.70 hours, and timesheet for work performed in 2021, totaling 32.2 hours).) Yet, the Court's evaluation of the reasonableness of the requested § 406(b) fee requires

3

consideration of the work performed by Mr. Decker in federal court as well as the fee agreements governing such representation. *See Gisbrecht*, 535 U.S. at 807. Accordingly, the Court will order Mr. Decker to supplement his briefing with any fee agreement(s) that govern work performed on Plaintiff's behalf in this Court in 2017 and 2018.

Second, as mentioned above, Mr. Decker has not disclosed the amount of fees he recovered before the SSA but nevertheless requests § 406(b) fees amounting to 25% of total past due benefits. (*See* Doc. 35 at 3 n.1, ¶ 25.) So that the Court can ensure that Mr. Decker's fees do not exceed 25% of the total past-due benefits to which Plaintiff is entitled, Mr. Decker should also disclose the amount of fees he recovered before the SSA.

IT IS THEREFORE ORDERED that Mr. Decker supplement his briefing on § 406(b) fees, no later than September 13, 2023, to provide any fee agreement(s) governing work he performed on Plaintiff's behalf in this Court in 2017 and 2018.

IT IS FURTHER ORDERED that Mr. Decker disclose, no later than September 13, 2023, the amount of fees he recovered for work performed before the SSA.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE