IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON LEYBA,

      Plaintiff,

vs.                                                                                                  Civ. No. 20-555 KK

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER AWARDING §406(b) FEES

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Attorney's Fees Pursuant to 24 USC 406(B) ("Motion") (Doc. 35), dated May 26, 2023. The Commissioner filed a response to Plaintiff's motion and indicated that she "has no objection to the petition in this case." (Doc. 37 at 2.) Counsel for Plaintiff filed a Supplemented Brief in support of the Motion on September 11, 2023, (Doc. 41.) Being fully advised in the premises, the Court finds that Plaintiff's motion will be granted.

## BACKGROUND

In 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income. (Administrative Record[1] (AR) 59, 69, 158, 160.) After the Social Security Administration ("SSA") denied his claims initially and on reconsideration (*see* AR 79–80, 101–02), Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on the merits of his application (*see* AR 33–58, 117–18). ALJ Ann Farris issued an unfavorable decision on February 3, 2016. (AR 10–20), and Plaintiff requested review by the Appeals Council (AR 156–57). The Appeals Council denied Plaintiff's request on May 10, 2017. (AR 1–3).

---

[1] Doc. 20–1 through Doc. 20–14 comprises the sealed Administrative Record. (*See* Doc. 20). The Court cites the Administrative Record's internal pagination, rather than CM/ECF document number and page.

On June 22, 2017, Plaintiff, through present counsel, Benjamin Decker, filed a complaint seeking review of the Commissioner's unfavorable decision in federal court. (AR 889–91.) After full briefing, this Court reversed the Commissioner's decision and remanded the case to the SSA for further proceedings. (AR 895–903); *Leyba v. Berryhill*, No. 17-cv-0667 SMV, 2018 WL 2089359 (D.N.M. May 4, 2018). On remand, ALJ Lilian Richter held a second administrative hearing on November 19, 2019, during which Plaintiff was represented by Mr. Decker. (AR 808–61.) ALJ Richter issued an unfavorable decision on March 10, 2020. (AR 787–99.) Once again, Plaintiff, through Mr. Decker, filed a Complaint seeking review of the Commissioner's decision in federal court. (Doc. 1.) And once again, after full briefing this Court reversed and remanded to the Commissioner for further proceedings. (Docs. 30–31.)

Unfortunately, before an ALJ could hold a third administrative hearing on remand, Plaintiff passed away, on March 5, 2022. (Docs. 35 ¶ 11; 35-1 at 8.) Plaintiff's daughter, Taya Leyba, appeared at the November 17, 2022 administrative hearing as a substitute party. (*See* Docs. 35; 35-1 at 1, 8.) Plaintiff also has a second daughter, Erica Leyba. (*Id*. ¶ 12.) Pursuant to the Program Operation Manual System ("POMS") GN 02301.030, Taya and Erica Leyba, as Plaintiff's two surviving children, are entitled to equal shares of any disability payments that would have been due to Plaintiff. *See* POMS GN § 2301.030 (A)–(B) (providing that "[i]f there is more than one individual in the highest order of priority, [the SSA will] divide the underpayment equally among them"). Following the third administrative hearing, ALJ Jennifer M. Fellabaum issued a fully favorable decision on December 7, 2022, finding Plaintiff disabled since May 3, 2013, his amended alleged onset date of disability. (Doc. 35-1 at 5–12.)

In a May 1, 2023 Notice to Taya Leyba, the SSA indicated that Plaintiff was entitled to "monthly disability benefits . . . beginning November 2013" until February 2023.[2] (*Id.* at 16.) The Notice further advised that "Taya Leyba [would] soon receive a payment of $75,524.50" as money owed to Plaintiff. (*Id.* at 17.) According to the Notice, the SSA withheld 25 percent of Plaintiff's past due benefits, or $51,683.00, leaving that portion available to cover fees that might be due to Plaintiff's representative. (*Id.*) Mr. Decker represents that the total back award is approximately $202,732.00. (Doc. 35 at 3 n.1.) Although 25 percent of $202,732.00 is slightly less than the amount withheld by the SSA for legal fees (*i.e.*, $202,732.00 * .25 = $50,683.00), a total back award of $202,732.00 comports with the specified award of $75,524.50 to Taya Leyba, one of Plaintiff's two daughters, and amount withheld by the SSA of $51,683.00 (*i.e.*, $75,524.50 * 2 + $51,683.00 = $202,732.00).

Mr. Decker filed the instant federal appeal as well as a previous federal appeal on Plaintiff's behalf. (*See* Doc. 1); *see also Leyba v. Berryhill*, 17cv0667 SMV (Doc. 1). Judge Vidmar of this District awarded Plaintiff fees pursuant to Equal Access to Justice Act ("EAJA") for Plaintiff's first appeal in the amount of $7,623.90. *Leyba*, 17cv0667 SMV (Doc. 28) (D.N.M. July 5, 2018). The undersigned awarded Plaintiff fees pursuant to EAJA for this second appeal in the amount of $6,400.00. (Doc. 34.) Thus, Plaintiff was previously awarded a total of $14,023.90 in attorney fees under EAJA. (Doc. 35 ¶ 17.)

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 406, attorney fees may be deducted from a successful claimant's award of past-due Social Security benefits. Separate subsections of § 406 authorize fee awards for representation before the SSA and in federal court, allowing attorneys to receive fees for their

---

[2] The Notice explained that Plaintiff was "not entitled to monthly benefits beginning March 2023[, as the SSA] cannot pay benefits for the month of death, or later." (Doc. 35-1 at 16.)

work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the EAJA award "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees—for example, fees pursuant to the EAJA and § 406(b)—are not collectively limited to 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008). However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2.

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 & n.17. In other words, § 406(b) imposes a 25-percent-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *See id.* at 807. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807 n.17.

The statute does not contain a time limit for fee requests. However, such a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## REASONABLENESS DETERMINATION

As a preliminary matter, the Court notes that Mr. Decker attached to his motion two separate "Two-Tiered Contingent Fee Agreement[s]," which were signed by Plaintiff on October 31, 2012, and by Taya Leyba on behalf of Plaintiff on March 30, 2022. (Docs. 35; 35-1 at 21–24.) These agreements address fees for work performed at the agency level. (*See id.*) Notably, when a fee agreement applies to an attorney's representation before the SSA, 42 U.S.C. §406(a)(2) "caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000." *Culbertson v. Berryhill*, 139 S.Ct. 517, 520 (2019) (citing 42 U.S.C. § 406(a)(2)(A)). Thus, at most, Mr. Decker was eligible to recover $6,000 for his representation of Plaintiff at the agency level. In his supplement, Mr. Decker discloses that he received no fees for work performed before the SSA (Doc. 41 at 2.)

Additionally, Mr. Decker requests an award of § 406(b) fees in the amount of $50,683.00. In support of this request, he initially submitted a separate fee agreement, dated April 2, 2020, which was applicable to his representation of Plaintiff in the instant federal court appeal. (*See* Doc. 35-1 at 20.) In response to this Court's order to supplement, Mr. Decker also submitted a second fee agreement, dated June 22, 2017, which was applicable to his representation of Plaintiff in his first federal court appeal. (*See* Doc. 41 at 3.)

As discussed above, Section 406(b) imposes some guidelines, permitting only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." § 406(b)(1)(A). The reasonableness of § 406(b) fees is

determined largely by "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See id*. Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of her normal hourly billing rate for non-contingency fee cases. *Id*.

In the context of a § 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and his attorney meets § 406(b) guidelines. Although § 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id*. at 807. Here, the relevant fee agreements between Plaintiff and his attorney provided that if Plaintiff was "awarded benefits by the Social Security Administration following remand ordered by the court in [his] case in which [his] attorney represented [him], [he] agree[d] to pay [his] attorney twenty-five percent (25%) of [his] and [his] family's past-due benefits." (Docs. 35-1 at 20; 41 at 3.) Thus, on their face, Plaintiff's fee agreements meet § 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, § 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Applying the factors outlined in *Gisbrecht*, the Court finds that Mr. Decker achieved a fully favorable result for Plaintiff in this case, resulting in a

significant past-due payment. Moreover, the Court cannot say that Mr. Decker was responsible for significant delay in the resolution of this case. Although the Commissioner requested multiple extensions of deadlines for the filing of pleadings and briefs in both the instant federal appeal and the previous federal appeal (*see* Docs. 11, 16, 24; *see Leyba*, 17cv0667 SMV (Doc. 17)), Mr. Decker has made no such requests and has timely filed briefs in both cases. Moreover, the instant motion was filed May 26, 2023, shortly after the SSA sent Taya Leyba the notice of entitlement to past-due benefits. (*Compare* Doc. 35 (filed 5/26/2023), *with* Doc. 35-1, at 15–19 (dated 5/1/2023).)

An attorney's experience is another relevant factor when considering a § 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, at 2-3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Mr. Decker has been practicing law for 15 years. (Doc. 35 ¶ 19). He reports that he "is a member of the National Organization of Social Security Representatives[,]" that he "dedicates much of his practice to representing Social Security claimants in Federal Court[,]" and that he "has trained other lawyers to represent Social Security claimants in programs sponsored by the National Business Institute." (*Id*. ¶¶ 21–22, 33(b).) Although Mr. Decker is not the most experienced social security lawyer practicing before this Court, he cannot be characterized as inexperienced.

Mr. Decker's requested fee of $50,683.00 equates to 25 percent of past-due benefits, which was the fee contemplated by the contingency agreements between Plaintiff and Mr. Decker. Still, the Court must consider whether the requested fee is disproportionally large in comparison to the amount of time spent on the case. Mr. Decker's timesheets indicate that he expended a total of 70.9 hours representing Plaintiff in two federal court appeals. (*Id*. ¶ 33(c); Doc. 35-1 at 25–31.) As such, his request of $50,683.00 in fees translates to an hourly rate of roughly $715.00, which is

7

considerably higher than the average for § 406(b) fees authorized in recent years in this District and by the undersigned. *See, e.g.*, *Lawson v. Kijakazi*, No. 20-980 KK, 2022 WL 17082891, at *2 (D.N.M. Nov. 18, 2022) ($252.00 per hour); *Casas v. Kijakazi*, No. 1:19-CV-01154 KRS, 2022 WL 832500, at *2 (D.N.M. Mar. 21, 2022) ($567.60 per hour); *Quintana v. Saul*, No. 19-1080 KK, 2021 WL 11486492, *2 (D.N.M. June 15, 2021) ($375.57 per hour); *Pino v. Saul*, No. 19-435 KK, 2021 WL 9593403, at *2 (D.N.M. May 18, 2021) ($520.18 per hour); *Molina v. Saul*, No. 1:17-cv-1151 KRS, 2020 WL 7183569, at *2 (D.N.M. Dec. 7, 2020) ($294.12 per hour); *Torrence v. Saul*, No. Civ. 18-934 SCY, 2020 WL 6196173, at *2 (D.N.M. Oct. 22, 2020) ($597.61 per hour); *Reid v. Saul*, No. 1:16-cv-1104 SMV, 2020 WL 1049747, at *3 (D.N.M. Mar. 3, 2020) ($425.44 per hour). Even so, the $715-hourly-equivalent fee would not be the highest awarded in this District. The Court's own research reveals a handful of cases in which § 406(b) fees authorized in this District have exceeded the hourly rate at issue here. *See, e.g.*, *Herrera v. Saul*, No. CV 19-140 CG, 2021 WL 698658, at *2 (D.N.M. Feb. 23, 2021) ($800.00 per hour); *Kelley v. Saul*, No. CIV 16-618 GJF, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) ($1,073.68 per hour); *Baca v. Saul*, No. CV 17-449 CG, 2020 WL 871547, at *2-3 (D.N.M. Feb. 21, 2020) ($1,025.00 per hour); *Valdez v. Saul*, Civ. No. CV 18-444 CG, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) ($787.00 per hour).

Converted to an hourly rate Mr. Decker's requested fee is admittedly at the high end of what this Court has found to be reasonable. Nevertheless, the Court is ultimately persuaded that Mr. Decker's requested fees are reasonable here. Considering all of the *Gisbrecht* factors and bearing in mind the Supreme Court's position that the effective hourly rate is *not* the deciding factor, the Court is satisfied that the requested fee is not so "large in comparison to the amount of time [Mr. Decker] spent on the case [such that] a downward adjustment is . . . in order." *See*

*Gisbrecht*, 535 U.S at 808. Mr. Decker's expertise in this specialized area of the law enabled his hourly efficiency in litigating two successful appeals before this Court. Moreover, the fully favorable result achieved for Plaintiff, resulting in a significant past-due payment, and the lack of any appreciable delays attributable to Mr. Decker weigh in favor of a § 406(b) award consistent with the fees contemplated by the relevant fee agreements (*i.e.*, 25 percent of past-due benefits).

  **IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Attorney's Fees Pursuant to 24 USC 406(B) (Doc. 35) is GRANTED. Mr. Decker is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $50,683.00 for legal services rendered in the United States District Court, to be paid by the Social Security Administration out of the funds withheld from Plaintiff's past-due benefits.

  **IT IS FURTHER ORDERED** that Mr. Decker shall directly refund to Taya Leyba as the substituted party for Plaintiff, who is now deceased, the $14,023.90 in EAJA fees or, if applicable, such portion of that fee not subject to offset under the Treasury Offset Program.

  **IT IS SO ORDERED.**

*/s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE